

## NUMBER 13-17-00494-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                                    Appellant,

v.

RICARDO MATA,                                                          Appellee.

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

## OPINION ON REMAND

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Opinion on Remand by Justice Longoria

This cause is before this Court on remand from the Texas Court of Criminal Appeals. *See State v. Mata*, 624 S.W.3d 824, 829 (Tex. Crim. App. 2021) (*Mata II*). Appellee Ricardo Mata was driving his vehicle when he was stopped by the Hidalgo County Sheriff's Office in connection with a kidnapping. According to investigators, after they stopped Mata's vehicle and asked him about the kidnapping, Mata stated that he

would tell them the location of the child if he could leave, but the investigators advised Mata he would not be released. Mata then gave investigators directions to locate the kidnapped child. Once the child was located, Mata was transported to the sheriff's office. Subsequently, Mata was read his *Miranda* rights and initialed a waiver of those rights. Mata then gave his statement to investigators, which was typed by an investigator and signed by Mata along with another waiver of his *Miranda* rights on the same document. Mata filed a motion to suppress his roadside statements and his statement at the sheriff's office. The trial court granted the motion and appellant, the State of Texas, appealed.

On original submission, we affirmed in part and reversed and remanded in part, finding that the trial court properly granted the motion to suppress as to Mata's roadside statements but erred in suppressing Mata's written statement. *State v. Mata*, No. 13-17-00494-CR, 2019 WL 3023318, at *5 (Tex. App.—Corpus Christi–Edinburg July 11, 2019) (*Mata I*). The Texas Court of Criminal Appeals reversed our judgment as it related to the roadside statements, holding that the "public safety exception" extends to "attempts to find a kidnapped child." *Mata II*, 624 S.W.3d at 829 ("We conclude that the *Miranda* rule poses no bar to the admission of the roadside statements in this case.").

Because the court of criminal appeals did not disturb our conclusion regarding Mata's written statement made at the sheriff's office, we leave that conclusion intact. *See Mata I*, 2019 WL 3023318, at *5. Accordingly, the trial court's judgment granting the motion to suppress is reversed, and we remand for further proceedings consistent with this opinion.

NORA L. LONGORIA
Justice

Publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
30th day of September, 2021.

3